# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | |
|---|---|
| DANIEL E. TAYLOR AND WILLIAM TAYLOR, AS CO-EXECUTORS OF THE ESTATE OF ANNA MARIE TAYLOR, DECEASED | : No. 161 WAL 2015<br><br>:<br>:<br>: Petition for Allowance of Appeal from<br>: the Order of the Superior Court |
| v. | |
| EXTENDICARE HEALTH FACILITIES, INC. D/B/A HAVENCREST NURSING CENTER; EXTENDICARE HOLDINGS, INC.; EXTENDICARE HEALTH FACILITY HOLDINGS, INC.; EXTENDICARE HEALTH SERVICES, INC.; EXTENDICARE REIT; EXTENDICARE, L.P.; EXTENDICARE, INC.; MON VALE NON ACUTE CARE SERVICE, INC. D/B/A THE RESIDENCE AT HILLTOP; MON-VALE HEALTH RESOURCES, INC; JEFFERSON HEALTH SERVICES, D/B/A JEFFERSON REGIONAL MEDICAL CENTER | |
| PETITION OF: EXTENDICARE HEALTH FACILITIES, INC., D/B/A HAVENCREST NURSING CENTER, EXTENDICARE HOLDINGS, INC., EXTENDICARE HEALTH FACILITY HOLDINGS, INC., EXTENDICARE HEALTH SERVICES, INC., EXTENDICARE REIT, EXTENDICARE, L.P. AND EXTENDICARE, INC. | |

## <u>ORDER</u>

**PER CURIAM**

**AND NOW**, this 23rd day of September, 2015, the Petition for Allowance of Appeal is **GRANTED**. The issues, as stated by petitioner, are:

(1)     Does the Superior Court's decision, which refused to compel arbitration of the arbitrable survival claim, violate the Federal Arbitration Act requirement that arbitration agreements "shall be valid, irrevocable and enforceable save upon grounds as exist at law or in equity for the revocation of any contract?"

(2)     Does the Superior Court's conclusion that the Pennsylvania Rules of Civil Procedure, Rule 213(e), require the consolidation of the otherwise arbitrable survival action with the non-arbitrable wrongful death action on grounds of efficiency violate the Federal Arbitration Act as it has been interpreted by the United States Supreme Court which has consistently ruled that arbitration is required when there is an agreement to arbitrate even when compelling arbitration results in duplication and piecemeal litigation?